**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

In re:                                                                    CASE NO.: 22-19892-RAM
                                                                                    CHAPTER 13

**FRANCISCA RAUDALES**

_____Debtor. /


## OBJECTION TO CLAIM

**IMPORTANT NOTICE TO CREDITOR:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the debtor objects to the following claim filed in this case*:

1. The creditor is US Bank Trust, N.A./ SN Servicing Corporation and is the first mortgage for the debtor's homestead property.

2. The creditor has filed a secured claim, POC #4-1, in the amount of $158,604.64. The arrears are listed as $68,474.84.

3. The debtor disputes the validity and/or the amount of the Claim.

4. The claim should be disallowed as is.

5. The Creditor has filed a foreclosure proceeding in state court under case number 2017-23101-CA-01 titled US Bank Trust National Association vs. Jose Reyes which has been stayed by this action.

6. Debtor was in a Chapter 13 bankruptcy, case no. 20-21157-AJC, where she was curing and maintaining her mortgage payments. Debtor became ill, could not work, and could not keep up with the payments. Thereafter, her bankruptcy was dismissed on 06/27/2022.

7. Debtor paid a total of $27,564.56 to US Bank Trust, N.A. in the prior bankruptcy case. The arrears in the 2021 case were $71,691.70 which, after objection and agreed order, were reduced to $64,514.20.

8. The current bankruptcy shows the arrears at $68,474.84. This is higher than the prior bankruptcy and does not seem to take into account the payments made towards the cure of the plan, which were $14,149.23 and $134.41.

9. Debtor disputes several of the charges on the proof of claim and Creditor, as of the date of this filing, has failed to provide Debtor and/or file adequate documentation and/or explanations regarding these charges.

10. Debtor disputes the increase in payment and the calculation of money due. Creditor's Proof of Claim alleges that the regular monthly payment is $1,354.31. However, in the prior bankruptcy it was established that the payments are $910.67 a month as the property is a condominium and does not need forced placed insurance as it already has a policy in place.

11. Debtor disputes the Escrow amounts being billed. Debtor has provided proof to creditor that there is flood insurance on the property and the building has had said insurance for the periods it has been billed. There are also 21 entries for hazard and flood insurance from December 2018 to July 2019. Creditor has yet to provide an explanation or documentation as to their accounting.

12. Debtor further disputes the amounts being billed for combined hazard and flood insurance for this property as it goes above and beyond any comparable policy in the area and debtor has flood insurance provided for by her building association.

13. Creditor appears to have overbilled and overcharged in all aspects of the accounting of this loan and should be required to correct all errors and overbilling and provide an amended proof of claim with correct amounts.

14. The Debtor reserves the right to amend this Objection to Proof of Claim #4.

*Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading. (See Local Rule 3007-1(C).)

The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the claimant and the debtor and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court when the objection and notice of hearing are served.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in the court set forth in Local Rule 2090-1(A).

                                                Respectfully Submitted,

                                                Aimee Melich Law, P.A.
*Attorney for Debtor*
7700 N. Kendall Drive, Suite 607
Miami, FL 33156
Tel: 786-583-8214
Aimee@MelichLaw.com

By: */s/Aimee Melich, Esq.*
     Aimee Melich, Esq./FBN.: 95066